LCS SERVICES, INC., a corporation, Plaintiff–Appellee,

v.

J. Edward HAMRICK, III, Director of the West Virginia Department of Natural Resources, Defendant–Appellant,

and

David E. Samuel, Chairman of the West Virginia Water Resources Board; Robert Butler; William N. Shug Kisner; Linda Barnhart; Carla Kitchen; Raymond Brosius; Frank Huffman; Carrie Slaughter; James Philbin, members of the Berkeley County Planning Commission, a subdivision of the County of Berkeley; Donald L. Bayer; John Evans Wright, members of the Berkeley County Commission, Defendants.

No. 90–2400.

United States Court of Appeals, Fourth Circuit

Argued Jan. 9, 1991.

Decided Feb. 12, 1991.

As Amended Feb. 26, 1991.

Barbara A. Brown, Asst. Atty. Gen., argued (Roger W. Tompkins, Atty. Gen., Robert D. Pollitt, Deputy Atty. Gen., on brief), Charleston, W. Va., for defendant-appellant.

P. Rodney Jackson, argued (Lonnie C. Simmons, Anne E. Shaffer, Di Trapano & Jackson, on brief), Charleston, W. Va., for plaintiff-appellee.

Before RUSSELL, WIDENER, and CHAPMAN, Circuit Judges.

CHAPMAN, Circuit Judge:

Edward Hamrick, as director of the West Virginia Department of Natural Resources ("DNR"), appeals orders of the District Court for the Southern District of West Virginia which orders enjoined DNR from prosecuting three state court environmental actions against LCS Services, Inc. ("LCS"), the plaintiff in this federal suit. DNR raises numerous issues, but we only address its claim that the district court's injunctions violated the Anti–Injunction Act (the "Act"). We hold that the district court's injunctions violate the Act and this is dispositive.

### I.

LCS is currently constructing a landfill for solid waste in Berkeley County, West Virginia, under a permit granted by the West Virginia Water Resources Board ("WRB")[1] on September 28, 1989. DNR is the West Virginia state regulatory agency charged with enforcing West Virginia's environmental laws.

#### A. Prior Procedural History

DNR has made numerous attempts to block LCS's construction of the Berkeley County landfill. Initially, DNR denied LCS's proposal for a permit to construct and operate the Berkeley County landfill because of extreme "adverse public sentiment" engendered by LCS's proposal. *See* W.Va.Code § 20–5F–4(b) (Supp.1989) ("director may deny the issuance of a permit on the basis of information in the application or from other sources including public comment"). WRB affirmed the director's denial, and LCS filed a declaratory judgment action in United States District Court challenging the constitutionality of section 20–5F–4(b). The district court found the statute unconstitutional, and we affirmed. *See Geo–Tech Reclamation Indus., Inc. v. Hamrick*, 886 F.2d 662 (4th Cir.1989).

Subsequent to the *Geo–Tech* decision, the district court dismissed that case from its court docket. The parties then disputed which permit application procedure governed the LCS permit, because while the *Geo–Tech* decision was pending, DNR had amended the permit application procedure. Based upon petition of LCS, the district

---

1. The WRB is a quasi-judicial administrative body which hears appeals of administrative orders issued by DNR.

court reinstated the Geo–Tech case to its docket on October 26, 1989 and held that DNR "shall apply the State permit application procedures in effect on February 3, 1988," and in the same order the district court dismissed the case again.

On January 5, 1990, acting upon an unfiled *ex parte* motion of LCS which sought declaratory relief on additional state law issues, the district court again reinstated this action and allowed LCS to amend its original pleadings to add the Berkeley County Planning Commission as a party defendant. On January 11, 1990, DNR moved to vacate the January 5, 1990 order on jurisdictional and procedural grounds. The district judge orally granted this motion at a hearing on January 22, 1990. This released DNR as a party to the action. However, the court never entered a written order and eventually rescinded this oral ruling.

### B. The Injunction

In May 1990 DNR brought three declaratory actions against LCS in the state court of West Virginia. Each suit related to the site approval certificate and the modification of the operating permit on the Berkeley County landfill. In response, LCS filed a motion in the federal district court for a preliminary injunction to enjoin DNR from modifying its permit and from prosecuting the state actions. On May 21, 1990, the district judge issued a 10–day temporary restraining order and on May 25, 1990, heard argument on the motion for a preliminary injunction. At this time, the district judge rescinded his January 22, 1990 oral ruling which had released DNR as a party. With DNR again a party to the proceedings, the court entered the order for the preliminary injunction on May 31, 1990. The order granting the injunction was prepared and presented *ex parte* by LCS and enjoined DNR from (1) further prosecution of the three state actions, (2) modifying or attempting to modify LCS's permit, and (3) taking any action to enforce its "Notice of Permit Modification." DNR appealed and this court stayed the district court's order pending appeal.

### C. DNR's State Suits

#### 1. Tonnage Action

DNR claims it received new information in March and April 1990 about the geology of the Berkeley County landfill site which indicated that operation of a landfill would be harmful to the area. Acting on this information, DNR modified LCS's permit to operate the Berkeley County landfill by decreasing the tonnage of garbage that the landfill could accept. On May 7, 1990, DNR filed a declaratory action in state court asking the court to uphold and enforce this permit modification.

After this court stayed the district court's injunction, this modification action proceeded in state court. LCS did not respond in state court, but it appealed the permit modification to the WRB. This appeal had the effect of staying this tonnage action in the state court. WRB, after a hearing on October 22, 1990, vacated DNR's modification of LCS's permit. WRB's action vacated the order upon which the civil tonnage action was based. The action is still pending in the state circuit court, because an order dismissing the action has not been entered.

#### 2. Bond Action

When DNR filed the tonnage action, it also filed an action alleging that LCS had failed to furnish a performance bond as required by W.Va.Code § 20–5F–5(b). On December 13, 1990, the state circuit court dismissed this action upon joint agreement after a proper letter of credit was filed by LCS.

#### 3. Site Approval Action

DNR and Berkeley County jointly filed a site approval action on May 15, 1990 alleging that LCS had violated state law by constructing the landfill without the certificate. Section 20–9–12b(a) of the West Virginia Code, as it affects LCS, provides that until July 1, 1991 or the effective date of the Berkeley County solid waste facility siting plan, LCS must obtain a Certificate of Site Approval from the Berkeley County

Solid Waste Authority. LCS had not acquired this certificate.

After we stayed the injunction, DNR requested a hearing on the merits of the site approval. The state court held that section 20–9–12b(a) did not apply to LCS, because enforcement of the statute would be an ex post facto application of state law. DNR has appealed this ruling to the West Virginia Supreme Court.

## II.

■ Initially, we must address LCS's contention that subsequent events in the state court have made the issues in this appeal moot. After we stayed the injunction pending appeal, DNR resumed the prosecution of its state actions against LCS. In the permit modification action, WRB has vacated DNR's modification of LCS's permit; the bonding action has been dismissed and cannot be appealed; and the site approval action has been dismissed on the merits, however, but DNR is appealing the site approval ruling.

Since the bonding action has been dismissed and the site approval action is on appeal, LCS argues that the propriety of the federal court injunction is moot. *See Nationwide Mut. Ins. Co. v. Burke*, 897 F.2d 734, 739–40 (4th Cir.1990) (affirming district court's denial of protective order, court held that dismissal of state case makes corresponding federal suit moot, even if losing party has right to appeal; if state circuit court decision reversed on appeal, justiciable controversy would be revived and the party may re-institute the suit). LCS argues that no justiciable controversy currently exists in the federal court.

We hold that this case is not moot, because the rule of *Nationwide* does not apply to our facts. *Nationwide* presumed that a federal case dismissed for mootness could be re-instituted if the state appellate court reversed the state trial court. If the present appeal is dismissed for mootness,

the stay of the district court injunction would be lifted, and DNR would be enjoined from pursuing its state court appeal. Thus, DNR could never avail itself of the *Nationwide* provision permitting refiling of the moot suit, and although the site approval action is on appeal, we find that the dispute is not moot for the purposes of the present appeal of the district court's injunction.[2] The issues presented are justiciable and we must consider whether the district court properly granted the injunction.

## III.

■ Although DNR raises numerous issues in this appeal, we need only address its claim that the injunction violated the Anti–Injunction Act, because that issue is dispositive of the case. We hold that the injunction does violate the Act; therefore, it must be lifted.

The Anti–Injunction Act provides:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. Interpreting the Act strictly, the Supreme Court has limited federal injunctions to the three statutory exceptions. *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 1689, 100 L.Ed.2d 127 (1988) ("The exceptions are narrow and are not to be enlarged by loose statutory construction"); *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs.*, 398 U.S. 281, 286–87, 90 S.Ct. 1739, 1742–43, 26 L.Ed.2d 234 (1970) ("Act is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions"). Indeed, the Act "absolutely prohibits in [actions which do not fall under an exception] all federal equitable intervention in a pending state court proceeding ... regardless of how extraordinary the particular circumstances

---

**2.** In addition to the site approval action, the state court has not dismissed the tonnage action (permit modification). While it is true that the WRB did vacate DNR's modification of the permit, the original action filed by DNR in circuit court to determine the propriety of the modification is still technically pending.

may be." *Mitchum v. Foster*, 407 U.S. 225, 229, 92 S.Ct. 2151, 2155, 32 L.Ed.2d 705 (1972).

The district court found that

Injunctive relief is necessary in aid of this Court's jurisdiction and to protect or effectuate the judgment of this Court entered on October 26, 1989, and to prevent relitigation of issues which have been decided by this Court.

LCS argues that the injunction is proper under the exception to protect and effectuate judgments.[3] Accordingly, we will address this issue.

The "necessary to protect and effectuate a previous judgment" exception is known as the "relitigation exception." In *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988), the Court addressed whether the district court's injunction was necessary "to protect or effectuate the district court's judgment" and stated:

The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of *res judicata* and collateral estoppel.

\* \* \* \* \* \*

[A]n essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court.... *Atlantic Coast Line* illustrates that this prerequisite is strict and narrow. The Court assessed the precise state of the record and what the earlier federal order *actually* said; it did not permit the District Court to render a *post hoc* judgment as to what the order was *intended* to say.

*Id.* 486 U.S. at 147–48, 108 S.Ct. at 1689–90 (emphasis in original). We have held that "a complainant seeking to avail himself of

the relitigation exception to the statute must make a 'strong and unequivocal showing' of relitigation of the same issue." *Bluefield Community Hosp. v. Anziulewicz*, 737 F.2d 405, 408 (4th Cir.1984) (citation omitted).

Applying these principles, we find that this exception does not apply, because no claim or issue pending in the state court actions has ever been decided by the United States District Court. The district court has only made two prior judgments: (1) that the statutory provision for granting permits was unconstitutional, and (2) that the state had to apply the permit application procedures in effect on February 3, 1988 to LCS. Neither of these judgments affects the state actions and the state actions do not seek to relitigate the two issues decided by the prior actions in the district court. The certificate of site approval is separate from the operating permit procedure and is issued by the county rather than DNR. The tonnage and bonding actions are based on separate state statutes and do not overlap with the permit procedure. Therefore, DNR's actions in state court cannot threaten or limit any prior federal court judgment.

LCS argues that DNR's state court actions were merely attempts to relitigate matters which the federal court had already decided. LCS contends that DNR used the permit modification action in state court to essentially revoke the permit that the prior federal judgment had granted. This claim, even if reasonable, does not meet the strict requirements of the re-litigation exception. The prior federal action did not grant a permit to LCS; rather, it only decided that one element in the permit statute was unconstitutional. A permit modification does not deny LCS the right to open a waste facility, but simply limits the amount of waste that it may accept at the site.

---

3. The district court also found that DNR's lawsuits represented a "pattern of harassment against [LCS]." Therefore, the court found that "[a]s a result of these harassing lawsuits, this Court is empowered to enjoin these actions...."

LCS suggests that this finding also justifies the injunction. A "pattern of harassment," however, does not justify federal courts enjoining state court actions.

Finally, the Supreme Court has limited the relitigation exception to the precise language of the district court's prior order, and not to how the district court may have subsequently interpreted it. *Chick Kam Choo*, 486 U.S. at 147–48, 108 S.Ct. at 1689–90. It is unchallenged that the prior order did not address the amount of waste that LCS could accept. The district court did not directly address any issue presently pending before the state court. Accordingly, we find that the relitigation exception to the Anti–Injunction Act does not apply, and that the district court erred in enjoining the state court actions.

### IV.

For the above reasons, we reverse and remand to the district court with instructions to vacate the injunction.

REVERSED AND REMANDED WITH INSTRUCTIONS.