**HHC, A VIRGINIA GENERAL PARTNERSHIP, Plaintiff,**

**v.**

**YORK INSURANCE COMPANY, Defendant.**

**No. 4:97CV99.**

United States District Court,
E.D. Virginia,
Newport News Division.

Feb. 18, 1998.

Gregory Lane Sandler, Epstein & Sandler, P.C., Norfolk, VA, for HCC, A Virginia General Partnership, plaintiff.

George Janis Dancigers, Heilig, McKenry, Fraim & Lollar, P.C., Norfolk, VA, Thomas Saunders Berkley, Heilig, McKenry, Fraim and Lollar, Norfolk, VA, for York Insurance Company, defendant.

## OPINION AND ORDER

MILLER, United States Magistrate Judge.

Both plaintiff HHC and defendant York Insurance Company (York) have consented to proceed before an United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73. HHC originally filed this action at law in the Circuit Court of the City of Hampton on August 19, 1997. York brought the case here by filing a Notice of Removal with this Court on August 19, 1997 pursuant to 28 U.S.C. § 1446(a); and by filing a copy of that Notice of Removal with the Hampton Circuit Court pursuant to 28 U.S.C. § 1446(d). Presently pending before this Court are three motions:

1. HHC's motion to remand the case to the Hampton Circuit Court based on a lack of original federal jurisdiction over the underlying claim, filed August 27, 1997; and

2. York's motion to enjoin the Hampton Circuit Court from hearing *York II* pursuant

to the federal Anti–Injunction Statute, 28 U.S.C. § 2283;[1] and

3. York's motion for summary judgment ("MSJ") pursuant to Fed.R.Civ.P. 56, filed December 31, 1997.

The Court held oral argument on HHC's motion to remand on February 9, 1998. After reviewing the parties' written memoranda and considering their oral argument, the Court, for the reasons given in this opinion, GRANTS HHC's motion to remand because this Court lacks original federal subject matter jurisdiction over the underlying claim. Having remanded the case, the Court further DENIES York's motion to enjoin HHC's suit in the Hampton Circuit Court under 28 U.S.C. § 2283.

Because the Court decides that it does not have jurisdiction to decide the case, it cannot reach York's MSJ.

## I.

HHC owns a piece of improved commercial real estate in Hampton, Virginia. HHC contracted with York to ensure the property and the building on the property. On or about December 10, 1995, severe weather conditions damaged the roof of the building on HHC's property. HHC filed an insurance claim asking York to pay for the damage under the insurance contract. York refused to pay for the damage, so HHC sued York in the Hampton Circuit Court on September 20, 1996 for breach of their insurance contract. HHC demanded $511,875.00. *See HHC v. York Insurance Co.,* At Law No. 96–35238, *Motion for Judgment* (Hampton Circuit Court) (*York I* ).

York removed *York I* to this Court on September 12, 1996. This Court, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, tried the case. On April 2, 1997, this Court found that York was liable to HHC in the amount of $358,312. *York I, Transcript of Proceedings,* Vol. II, at 351–352 (E.D.Va. April 2, 1997). On May 30, 1997, both parties filed a Satisfaction of Judgment in this Court indicating that York had paid the judgment of $358,312 in full. Therefore, York has fully satisfied the *York I* judgment.

HHC has now filed a second action in the Hampton Circuit Court against York for reimbursement of costs spent in temporarily repairing the roof when HHC first discovered the damage. *HHC v. York Insurance Co.,* At Law No. 97–36778, *Motion for Judgment* (Hampton Circuit Court filed August 19, 1997) (*York II* ). In *York II,* HHC is asking for $18,500. York removed *York II* here by filing its Notice of Removal on August 19, 1997. HHC objected to York's removing the case to federal court and moved to remand the case to the Hampton Circuit Court on August 27, 1997. York filed its MSJ on December 31, 1997.

## II. ANALYSIS

York may properly invoke this Court's jurisdiction over HHC's state action in one of two ways. First, it could remove this case here pursuant to 28 U.S.C. § 1441. Removal under § 1441 would be proper only if this Court would have had original jurisdiction over the action had HHC initially decided to bring it in the federal forum. *See* 28 U.S.C. § 1441(a). There are only two bases for original federal jurisdiction: federal question jurisdiction, 28 U.S.C. § 1331; and diversity jurisdiction, 28 U.S.C. § 1332. These are the

---

1. York has not made a formal motion for an injunction under the Anti–Injunction Act, 28 U.S.C. § 2283. Rather, York mentioned the Anti–Injunction Act in its Notice of Removal as an alternative basis for this Court's exercising removal jurisdiction over *York II.* The Court notes that federal courts require strict compliance with procedural requirements when a party invokes this Court's authority to interfere in matters pending before state courts, and while federal courts are often admonished to construe liberally technically deficient pleadings, such indulgence does not normally extend to actions which adversely affect the jurisdiction of a state

court. *See Thompson v. Gillen,* 491 F.Supp. 24, 26 (E.D.Va.1980) (narrowly construing technical defects in the removal procedure because of the impact of removal on state courts).

The Court, notwithstanding the fact that York never made a formal motion for an injunction pursuant to 28 U.S.C. § 2283, and notwithstanding the fact that an injunction will adversely affect the jurisdiction of the Hampton Circuit Court, will generously construe the mention of the Anti–Injunction Act in York's Notice of Removal as a motion for an injunction pursuant to the Act.

only two bases on which this Court may exercise its removal jurisdiction over York's claim. *See* 28 U.S.C. §§ 1441(a) and (b). Therefore, the Court must examine whether HHC could have brought its action originally in this Court to determine if York's removal was proper.

Secondly, York could properly invoke this Court's jurisdiction under the Anti–Injunction Act, 28 U.S.C. § 2283, to prevent HHC from litigating *York II*, which bears some factual relation to *York I*, in Hampton Circuit Court.

York's pleadings in this action have not made it clear on which exact grounds it is invoking this Court's jurisdiction. 28 U.S.C. 1446(a) requires York to show this Court on the face of York's removal notice a "short and plain statement of the grounds" on which it bases removal. The Court turns, therefore, to York's Removal Notice, where it finds the following grounds for removal:

> Now Comes York Insurance Co .... and hereby files this Notice of Removal ... on the grounds that there is complete diversity of citizenship between the plaintiff ... and the defendant.... Additionally, since this case is ancillary to [*York I*], previously filed in this [C]ourt and which matter was a suit in excess of $511,875.00, the amount in controversy herein exceeds $50,-000.00 so that this [C]ourt has original jurisdiction hereof pursuant to 28 U.S.C. § 1332, 1367, and 2283.

*York II, Notice of Removal,* (E.D.Va. filed August 19, 1997).

28 U.S.C. § 1332 is the diversity of jurisdiction statute, so apparently York is claiming this Court can exercise diversity jurisdiction over this case. 28 U.S.C. § 1367 is the supplemental jurisdiction statute, so apparently York is claiming that this Court may exercise supplemental jurisdiction over this claim. Finally, 28 U.S.C. § 2283 is the Anti–Injunction statute, so apparently York is claiming that this Court should enjoin HHC's suit presently pending in the Hampton Circuit Court.[2]

Federal courts are courts of limited jurisdiction. York, as the party seeking entry to federal court, must provide this Court with a plain and concise statement on which this Court's jurisdiction rests. It may be supplemental jurisdiction; it may be diversity jurisdiction; and it may be that York is seeking an injunction under the Anti–Injunction Act. The Notice of Removal that York filed in this case is, at best, completely unclear. The Court could read it in many ways. Is York invoking the diversity jurisdiction of this Court? Is it invoking its supplementary jurisdiction? Is it asking for an injunction under 28 U.S.C. § 2283? York recites the litany required to support diversity jurisdiction, and then, in the same sentence, says this Court has jurisdiction "pursuant" to 28 U.S.C. § 2283. The Anti–Injunction Act does not require that HHC and York be diverse before this Court can hear York's case for an injunction.

It appears that York is claiming that this Court has jurisdiction: (a) pursuant to the diversity of citizenship statute under the theory that the Court should aggregate the damages claims in *York I* and *York II* to get above the $75,000 threshold of 28 U.S.C. § 1332(a); (b) pursuant to the supplemental jurisdiction statute because the facts of *York II* are similar to *York I*;[3] and (c) pursuant to 28 U.S.C. § 2283 to issue an injunction to

---

**2.** York further confuses the issue by placing its reference to the Anti–Injunction statute in its Notice of Removal. The Anti–Injunction statute is not a grounds for removal. Removal, as the name implies, means that the defendant *removes* the case to the federal court. Once York filed its Notice of Removal with the Hampton Circuit Court, the case was removed from that court to this Court for adjudication. 28 U.S.C. § 1446(d).

An action in this Court for an injunction against a state court proceeding pursuant to 28 U.S.C § 2283 does not "remove" that case from the state court because the case is not brought here for adjudication. Rather, the injunction simply stops the state court proceeding. Thus, York is technically incorrect in using the term "removal" for operation of the Anti–Injunction Act.

**3.** As an addendum to this supplemental jurisdiction argument, York on brief advanced another basis for exercising federal jurisdiction: the federal pre-emption doctrine. *See HHC v. York Insurance Co.,* No. 4:97CV99, *Brief in Support of York Insurance Company's Removal* at 2 (E.D.Va. filed December 31, 1997). The Court will address the pre-emption doctrine in Section III(B)(1) of this opinion.

stay HHC's state court action. The Court, by generously reading York's Notice of Removal, will assume that York is claiming all three basis for jurisdiction.

To be precise, the Court will explain its exact methodology for approaching York's various arguments. The Court will first determine whether removal is proper in this case. Doing this will require an analysis of this Court's subject matter jurisdiction over *York II* on York's theories of diversity of citizenship and supplemental jurisdiction. If subject matter jurisdiction is lacking, then the Court will remand the case to the Hampton Circuit Court pursuant to 28 U.S.C. § 1447. If *York II* must return to the Hampton Circuit Court, the Court will decide if it should issue an injunction to stay *York II* pursuant to 28 U.S.C. § 2283.

## III. SUBJECT MATTER JURISDICTION

### A.

### *Diversity Does Not Provide A Basis For This Court Jurisdiction*

■■■ The amount in controversy in *York II* does not exceed $75,000. HHC has demanded $18,500.00 in *York II*. This amount in controversy is a jurisdictional necessity, *see* 28 U.S.C. 1332(a), and unless the amount in controversy exceeds this minimum threshold, the federal court may not exercise jurisdiction. *See* 28 U.S.C. § 1332. Federal courts may aggregate separate claims against the same insurer to satisfy the amount-in-controversy requirement, *see, e.g., Bley v. Travelers Insurance Co.,* 27 F.Supp. 351, 358 (S.D.Ala.1939) (state law consolidating two actions against insurance company into one allowed aggregation of claims to satisfy diversity amount-in-controversy requirement), but York has shown this Court no cases, and this Court has found none, in which a federal court allowed a party to aggregate a claim from a pending lawsuit with one from a previously completed lawsuit to satisfy the $75,000 requirement. Therefore, federal diversity jurisdiction would not have lain in this case had HHC filed its action here. For that reason, the Court holds that it could not have exercised diversi-

ty jurisdiction over *York II* had HHC originally filed *York II* here. Therefore, York cannot remove the case here on the basis of diversity jurisdiction.

### B.

### *Neither Federal Pre-emption Nor Supplemental Jurisdiction Provide Bases for this Court's Jurisdiction in York II*

Recall that York advanced two additional theories as to why this Court can still hear this case. The first theory rests on federal pre-emption; the second theory says that this Court can exercise its supplementary jurisdiction to protect and enforce its judgment in *York I. See HHC v. York Insurance Co.,* No. 4:97CV99, *Brief in Support of York Insurance Company's Removal* at 2 (E.D.Va. filed December 31, 1997). Neither of these two contentions has merit.

### 1.

### *Federal Pre-emption*

■■ The Court turns first to York's pre-emption claim. Under the pre-emption doctrine, though HHC is the master of its suit and may choose to omit federal claims from its well-pleaded complaint to defeat federal jurisdiction, *see Great Northern Railroad Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918), it may not so artfully craft its complaint to defeat federal jurisdiction in an area which Congress has completely pre-empted with a federal remedial scheme:

> The presence or absence of federal-question jurisdiction that will support removal is governed by the "well-pleaded complaint rule," under which federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint.... However, under the "complete pre-emption doctrine," which is a corollary to the well-pleaded complaint rule, *once an area of state law has been completely pre-empted,* any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.

*Caterpillar Inc. v. Williams,* 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (emphasis added).[4]

Pre-emption clearly is not applicable here. This is a suit for breach of an insurance contract. York has pointed to no federal statute or federal regulatory scheme that could possibly justify this Court's exercising its federal question jurisdiction over this matter based on federal pre-emption. Furthermore, the Court holds that Virginia law creates HHC's cause of action and Virginia law provides the remedy requested. Because this is a state law contracts action in an area where Congress has not exercised federal pre-emption, the Court holds that the pre-emption doctrine cannot support exercise of federal jurisdiction in this case.

### 2.

### *Supplemental Jurisdiction Does Not Lie in This Case*

■ The Court now turns to York's supplementary jurisdiction argument. York, citing *Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996)[5], claims that this Court can exercise its supplemental jurisdiction: (1) because the facts in this case are interdependent with those of *York I,* in which federal jurisdiction was proper; and (2) to protect its prior judgment in *York I.* Though York did not clearly break out its supplemental jurisdiction argument into the two separate components listed above[6], York's supplemental jurisdiction argument requires this Court to consider each component separately because each component individually could form a proper basis for federal jurisdiction:

> We have recognized that a federal court may exercise ancillary jurisdiction (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to ... manage its proceedings, vindicate its authority, and effectuate its decrees.

*Peacock. v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 867, 133 L.Ed.2d 817 (1996) (internal quotation marks and citations omitted).

The Court will examine first York's claim that. the factual interdependence of *York I* and *York II* make federal jurisdiction over *York II* proper.

### a.

### *Factual Interdependence*

In a holding directly on point with York's case here, the *Peacock* Court said:

> The Court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims. *In a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdic-*

---

4. The U.S. Supreme Court has found, for example, that § 301 of the Labor Management Relations Act, 1947 (codified at 29 U.S.C. § 185) has completely pre-empted state common law causes *of action for breach of collective bargaining agreements. See Avco Corp. v. Machinists,* 390 U.S. 557, 558, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

5. *Peacock* involved a suit between an employee (Thomas) against his company (Tru–Tech, Inc.) and an officer and shareholder of Tru–Tech (Peacock) for a breach of fiduciary duty in managing a pension plan. The district court entered judgment for $187,628.93 against Tru–Tech only. Peacock escaped liability. Between the entry of the judgment and Thomas' enforcing the judgment, Thomas claimed, Peacock squandered corporate assets, rendering Tru–Tech unable to pay the judgment Thomas had won against it. Thomas brought a subsequent suit in federal court charging Peacock with conspiracy and fraudulent conveyances. Thomas' second suit alleged that Peacock was responsible for no more

that $80,000 in fraudulent transfers; however, the district court awarded judgment against Peacock individually for the entire $187,628.93 that Thomas had won it his first judgment.

The U.S. Supreme Court reversed on the basis that the district court lacked subject matter jurisdiction over the suit.

6. York has lumped both elements together in a single sentence: "[T]his Court's ancillary jurisdiction extends over plaintiff's state proceeding, which has claims factually interdependent (if not identical) with an earlier federal lawsuit [*York I* ], decided by this Court, so that it may enforce its judgment in the previous federal lawsuit." *See HHC v. York Insurance Co.,* No. 4:97CV99, *Brief in Support of York Insurance Company's Removal* at 2 (E.D.Va. filed December 31, 1997). This *sentence does not clearly indicate that York realizes that the factual interdependence of a state law claim with a proper federal claim and this Court's authority to enforce its judgment are two separate,* independent grounds on which this Court may exercise its supplemental jurisdiction.

*tional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction.*

*Peacock v. Thomas,* 516 U.S. 349, 116 S.Ct. 862, 868, 133 L.Ed.2d 817 (1996) (emphasis added).

The situation described in the portion of *Peacock* emphasized above is exactly the situation present in York's case here. York was able to claim diversity jurisdiction in *York I* because the amount in controversy exceeded $75,000. That case proceeded to judgment, and York satisfied that judgment. HHC then filed a second, subsequent suit in which the amount in controversy was insufficient to support this Court's jurisdiction under 28 U.S.C. § 1332. Had HHC advanced *York II's* claim in *York I,* then this Court, under 28 U.S.C. § 1367, could have exercised supplementary jurisdiction over HHC's *York II* claim. However, that is not what happened; HHC did not present this claim in *York I.* In other words, the Court cannot extend the jurisdiction that was proper in *York I* to encompass the claim here in *York II* because *York I* and *York II* are entirely separate suits. On this basis, the Court holds that the factual interdependence of *York II* with *York I* does not support this Court's exercise of its supplemental jurisdiction.

#### b.

##### *Protecting the York I Judgment*

■ This Court holds that it cannot extend its supplemental jurisdiction to *York II* because such jurisdiction is not necessary to protect its judgment in *York I.*

There is no question that federal courts retain supplemental jurisdiction in proceedings to enforce their judgments. *See, e.g., Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 834, n. 10, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988) (garnishment); *Swift & Co. Packers v. Compania Colombiana Del Caribe, S. A.,* 339 U.S. 684, 690–692, 70 S.Ct. 861, 94 L.Ed. 1206, (1950) (prejudgment attachment of property); *Dewey v. West Fairmont Gas Coal Co.,* 123 U.S. 329, 332–333, 8 S.Ct. 148, 31 L.Ed. 179 (1887) (prejudgment voidance of fraudulent trans-

fers); *Labette County Comm'rs v. United States ex rel. Moulton,* 112 U.S. 217, 221–225, 5 S.Ct. 108, 28 L.Ed. 698 (1884) (mandamus to compel public officials in their official capacity to levy tax to enforce judgment against township); and *Krippendorf v. Hyde,* 110 U.S. 276, 282–285, 4 S.Ct. 27, 28 L.Ed. 145 (1884) (prejudgment dispute over attached property). However, it is just as clear that the *Peacock* court was reluctant to extend a federal court's supplemental jurisdiction beyond the case where a judgment creditor instituted proceedings against a judgment debtor to collect on an unsatisfied federal judgment.

This Court cannot say that *Peacock* directs its decision in *York II* because *Peacock's* facts are slightly different than *York II's* facts; therefore, *Peacock's* holding is not absolutely on point with York's case here. In *Peacock,* the judgment creditor (Thomas) had already won a judgment in his previous federal suit, but against only Peacock's company. Thus, at the end of Thomas' first suit, Thomas was a judgment creditor and Peacock was *not* a judgment debtor. After Thomas's second suit, the effect of which was to make Peacock personally liable for the original judgment debt levied only against his company, Thomas remained a judgment creditor, and Peacock became a judgment debtor. The *Peacock* Court held that federal supplemental jurisdiction did not extend to the second suit.

Here, the facts are different. HHC was a judgment creditor and York was a judgment debtor after *York I.* York satisfied the judgment, and then HHC instituted *York II.* Therefore, at the initiation of *York II,* HHC was not a judgment creditor nor was York a judgment debtor.

■ The holding of *Peacock* was that supplemental jurisdiction does not lie in a subsequent federal proceeding (1) to enforce a previously-obtained federal judgment (2) against an individual against whom the court did not grant the original judgment (3) even if the facts of the two cases are interdependent. This Court's holding is slightly varied from *Peacock's.* This Court holds that supplemental jurisdiction does not lie in a subsequent federal proceeding to (1) obtain a new

federal judgment (2) against a defendant against whom one previously obtained a federal judgment (3) which the defendant has already satisfied (4) even if the factual basis for both suits is identical and interdependent.

■ The Court finds that these two holdings, while different because of the differing factual situations present, are both based on the same principle: supplemental jurisdiction extends to subsequent judgment enforcement proceedings *only* when such proceedings are: (1) against the party against whom the judgment creditor obtained the initial judgment *and* (2) directed at obtaining the judgment that the judgment creditor won in the initial action. This case does not involve collecting a judgment that HHC won in a preceding federal lawsuit. Therefore, supplemental jurisdiction does not lie here.

c.

*Jurisdictional Conclusion*

The Court does not have subject matter jurisdiction over York II, based on either diversity of citizenship, federal pre-emption, or supplemental jurisdiction. Therefore, the Court REMANDS this case to the Hampton Circuit Court.

IV. THE ANTI–INJUNCTION ACT

■ Having remanded the case to the Hampton Circuit Court, the Court will now consider whether it should issue an injunction under the Anti–Injunction Act to stay the Virginia court proceedings. This Court has the power to enjoin HHC's state court proceedings under 28 U.S.C. § 2283 to protect and effectuate its judgment in *York I*.[7] However, this Court's enjoining a state proceeding in the Hampton Circuit Court strikes at the concept of federalism that underlies this country's dual system of federal and state courts. Limiting the exercise of this Court's injunction power limits "the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court."

*Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 630–31, 97 S.Ct. 2881, 53 L.Ed.2d 1009 (1977) (plurality opinion). To limit this Court's intrusion into the proceedings of Virginia state courts, this Court must construe its injunction power strictly by narrowly interpreting the Anti–Injunction Act. *Atlantic Coast Line Railroad Co. v. Locomotive Engineers,* 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). The Fourth Circuit has recently echoed the Supreme Court's command to construe 28 U.S.C. § 2283 narrowly:

> We take seriously the mandate in the Anti–Injunction Act and recognize that for over two hundred years, the Act has helped define our nation's system of federalism. As the Supreme Court observed ... the Act serves as a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts. The consistent understanding has been that ... the Act's basis purpose is to prevent needless friction between the state and federal courts. Any discussion of federalism will, by its very nature, involve a balancing of federal and state interests, and the Anti–Injunction Act plays a critical role in ensuring that the proper balance is maintained.

*Employers Resource Management Co., Inc. v. Shannon,* 65 F.3d 1126 (4th Cir.1995) (internal citations and quotations omitted).

■ Enjoining the Hampton Circuit Court proceeding under the relitigation exception would be based on the principles of *res judicata. See Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988). However, it is a strictly construed *res judicata.* This court may look only at *York I's* precise record before it in determining *York I's* res judicata effect. It may look only at "what the earlier federal order [in *York I*] said; it [may not] render a *post hoc* judgment as to what the order was intended to say." *LCS Services, Inc. v. Hamrick,* 925 F.2d 745 (4th Cir.1991).[8]

7. 28 U.S.C. § 2283 allows federal courts to enjoin state proceedings for only three reasons: (1) when expressly authorized by Act of Congress; (2) to aid its jurisdiction; and (3) to protect and effectuate its judgments. The last reason, known

as the "relitigation exception," is the basis on which York is asking this Court to grant an injunction in this case.

8. Because the Supreme Court has so narrowly confined the *res judicata* test for applying 28

Thus, the salient principles to apply to this question are: (1) Enjoining the Hampton Circuit Court under 28 U.S.C. § 2283 would strike at the sovereignty of the Virginia court system. Therefore, this Court must exercise that power narrowly and in strict conformance with 28 U.S.C. § 2283; and (2) this Court may look only at the precise federal orders in *York I* in analyzing *York I's res judicata* effect to determine whether the relitigation exception to the Anti–Injunction Act applies.

This Court's Judgment Order in *York I*[9] is silent on whether this Court previously decided the issue of temporary repairs to the roof, which is the precise question at issue in *York II*:

> Decision by Court. This action came to trial or hearing before the Court. The issues have been heard and a decision has been rendered. IT IS ORDERED AND ADJUDGED that the plaintiff, HHC, a Virginia general partnership, recover of the defendant, York Insurance Company, the sum of Three Hundred Fifty–Eight Thousand, Three Hundred Twelve and no/100 dollars ($358,312.00). with interest thereon at the rate of 6.00 per cent as provided by law, and its costs of action.

*York I*, Judgment in A Civil Case (E.D.Va. filed April 2, 1997).

There is no indication in the *York I* judgment order that the *York I* Court decided the issue of temporary repairs. The undersigned was the trial judge in *York I*, and I have reviewed the findings of fact and conclusions of law in the transcript of the *York I* trial. *See York I, Transcript of Proceedings, Vol. II*, pp. 343–352 (E.D.Va. April 2, 1997). Nowhere in my findings of fact and conclusions of law did the undersigned specifically indicate that the damage award was based partially on the temporary repair costs to the roof. Recall that this Court cannot review

the entire trial and the evidence submitted and extrapolate from that, *post hoc*, what the order should have said. *LCS Services, Inc. v. Hamrick*, 925 F.2d 745 (4th Cir.1991). To determine if an injunction should issue based on the relitigation exception to the Anti–Injunction Act, this Court may look only at what the undersigned actually *said*, in my judgment order and in my findings of fact and conclusions of law. Both the Order and the Findings and Conclusions were silent on the precise issue of whether the parties litigated the issue of temporary repairs to the roof. Therefore, this Court holds that it cannot enjoin the Hampton Circuit Court from hearing *York II* on the basis of the relitigation exception to the Anti–Injunction Act.

Because *York I* produced no opinion, because the Judgment Order was silent on the temporary repairs issue, and because the undersigned made no specific finding on the issue of temporary repairs in my Findings and Conclusions, this Court would have to extrapolate from the evidence admitted during the trial to the conclusion that *York I* decided the issue of temporary repairs. Clear direction from both the Supreme Court and the Fourth Circuit make it clear that this Court may not do that to determine if a relitigation injunction should issue. Therefore, the Court holds that the relitigation exception to the Anti–Injunction Act does not authorize this Court to enjoin HRC's proceeding in Hampton Circuit Court.

## V. CONCLUSION

A. The Court GRANTS HHC's Motion to Remand this case to the Hampton Circuit Court and remands this case to the Hampton Circuit Court pursuant to 28 U.S.C. § 1447 because:

1. HHC's well-pleaded Motion for Judgment reveals on its face an amount in controversy insufficient to support this Court's di-

---

U.S.C. § 2283, the test employed by this Court to determine that a relitigation injunction does not lie here is completely different from the Virginia test for *res judicata* applied to the underlying claim of *York II*. Therefore, this Court's determination that a relitigation exception injunction does not lie in no way determines whether Virginia *res judicata* law bars HHC's claim in *York II*.

That, of course, is a question for the Hampton Circuit Court to decide.

9. The Court did not write an opinion in *York I*; it ruled from the bench on York's liability and the amount of damages York had to pay. Therefore, this Court is without the benefit of an opinion to review for the *res judicata* effect of *York I*.

versity jurisdiction under 28 U.S.C. § 1332; and

2. The Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 does not lie because:

a. *York II* is a different action from *York I* and supplemental jurisdiction would lie for the claim in *York II* only if HHC had advanced it along with *York I;* and

b. No party to *York II* is attempting to protect or collect an unexecuted federal judgment obtained from the other party; and

3. The Court holds that congress has not pre-empted the law of insurance contracts to such an extent that it has displaced all state causes of actions for breaches of insurance contracts.

B. The Court declines to address York's Motion for Summary Judgment because of its previous finding that it does not have subject matter jurisdiction to hear this case.

C. Having remanded the case to Hampton Circuit Court due to lack of federal subject matter jurisdiction, the Court DENIES York's Motion for an injunction pursuant to 28 U.S.C. § 2283 because it is not clear from the face of the *York I* record that the parties litigated the temporary repairs questions which HHC is now litigating in the Virginia state courts.

The Court reiterates that its ruling on *res judicata* effect of *York I* on *York II* was to determine only that the relitigation exception to the Anti–Injunction Act does not apply to York's request for an injunction. This Court has made no ruling, and has expressed no opinion, on the *res judicata* effect of *York I* on the substantive claim HHC advanced in *York II*. That is a question for the Circuit Court of the City of Hampton to decide on remand.