**Jane HAMBY and Carroll Hamby, Plaintiffs,**

v.

**RYOBI MOTOR PRODUCTS CORPORATION, Defendant.**

No. CIV. A. 8:98–1610–20AK.

United States District Court, D. South Carolina, Anderson Division.

Sept. 29, 1998.

Suzanne E. Coe, Greenville, SC, for Plaintiffs.

Janet Q. Lewis, Ingrid B. Erwin, Greenville, SC, for Defendant.

## ORDER

HERLONG, District Judge.

■ This matter is before the court with the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Rule 19.02 DSC.[1] The defendant moved to dismiss the case, while the plaintiff asked the court to remand the case to the South Carolina Court of Common Pleas. United States Magistrate Judge William M. Catoe, Jr. recommends that the court deny the defendant's motion and remand the case to state court. For the reasons set forth herein, the court agrees with the Magistrate Judge and adopts the Report and Recommendation.

## I. PROCEDURAL BACKGROUND

Jane Hamby ("Hamby") first filed an action against Ryobi Motor Products Corporation ("Ryobi") on February 18, 1997. Hamby alleged that employees of the defendant sexually harassed her and retaliated against her at her place of work in violation of Title VII of the Civil Rights Act of 1964. Accepting the recommendation of United States Magistrate Judge William M. Catoe, Jr., the court granted summary judgment to Ryobi on January 8, 1998, and disposed of the case. *See Hamby v. Ryobi Motor Products, Inc.,* No. 97–400–20AK (D.S.C. Jan. 8, 1998) (order granting defendant summary judgment) (hereinafter, "Title VII Order").

The instant action was filed in May of 1998 in the South Carolina Court of Common Pleas for Pickens County. Ryobi filed a notice of removal on June 3, 1998, arguing that the new complaint restated the issues dealt with in the original 1997 case. *See* (Notice of Removal at 1.) On this same date, Ryobi filed a motion to dismiss the case based on the doctrine of *res judicata. See* (Mot. to Dismiss at 2.) Hamby responded to Ryobi's arguments by filing a motion to remand the case to state court on June 5, 1998.

## II. FACTUAL BACKGROUND

This case involves a dispute between an employee and her employer. Ryobi first employed Hamby in October of 1993. She began work as a second shift finisher inspector at Ryobi's plant in Pickens, South Carolina ("Pickens plant"). Hamby's job required her to work on a variety of different machines and on different shifts. From 1993 until 1996, Hamby worked in various capacities at Ryobi's Pickens plant. After an encounter with her supervisor, Ryobi moved Hamby from her normal job into a new position at the plant. Hamby charges that the encounter, followed by Ryobi's response, violated the statutory and common law of South Carolina.

1. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber,* 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

### III. LEGAL DISCUSSION

The court must resolve two motions, one filed by each party. As Hamby's motion addresses a jurisdictional matter, the court will first consider her motion to remand.

### A. Motion to Remand

#### 1. Standard of Review

■ Certain principles guide the court's decision of whether to remand Hamby's case to the South Carolina courts. District courts must not overstep their constitutional bounds and delve into matters of purely state law. To insure federal courts do not take such steps, federal precedent "scrupulously confine[s]" removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). In this same vein, the United States Court of Appeals for the Fourth Circuit maintains that "remand is necessary" where any doubt exists for removal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir.1994). Therefore, removal is warranted only when absolutely necessary under federal law.

#### 2. Federal Jurisdiction

■ This court must remand the instant case because it does not have proper jurisdiction over Hamby's claims. A party may remove an action from state court to federal court if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a), (b). This court exercises original jurisdiction over cases presenting questions of federal law. *See* 28 U.S.C. § 1331. In determining the existence of federal question jurisdiction, courts must look at what is "presented on the face of a plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Ryobi maintains that though Hamby couches her claims under South Carolina law, this case actually falls under federal laws against sexual discrimination. *See* (Notice of Removal at 1.) United States Supreme Court precedent restricts the court's review to the plaintiff's complaint.

A review of Hamby's complaint reveals no federal causes of action. As such, this court cannot reach into the state courts of South Carolina to remove a case that is clearly within their purview.

The United States Supreme Court recently addressed this precise issue. In *Rivet v. Regions Bank,* —— U.S. ——, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998), a United States Bankruptcy Court approved the sale of the plaintiffs' land to the defendant. The plaintiffs challenged an attempted resale of the land in state court. The defendants removed the case to federal court, citing the bankruptcy court's order as federal authority. The district court refused to remand the case and the United States Court of Appeals for the Fifth Circuit agreed, holding that "removal is proper where a plaintiff's cause of action is completely precluded by a prior federal judgment on a federal question." *Id.* at ——, 118 S.Ct. at 922. The Court reversed the Fifth Circuit's decision, ruling that: "Claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal." *Id.* The reasoning of the Court applies with resounding force to the case at bar.

Hamby's complaint does not state a federal cause of action and Ryobi cannot create federal jurisdiction with its defense of her claim. "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* at ——, 118 S.Ct. at 925 (citations omitted). Ryobi defends the instant action by making this precise argument: (1) Hamby's case was already heard in federal court under federal law; (2) the court dismissed the case; *ergo* (3) this new claim is precluded under the doctrine of *res judicata. See* (Not. of Removal at 1; Mot. to Dismiss at 2.) Under *Rivet,* Ryobi cannot base its removal of the instant action on this court's earlier Title VII Order. *See also Danfelt v. Board of County Comm'rs,* 998 F.Supp. 606 (D.Md.1998) (applying *Rivet* to employment discrimination-type case). Therefore, the court must remand this case to the South Carolina Court of Common Pleas for Pickens County.[2]

---

2. Of course, Ryobi is free to present its *res judicata* defense in the state court. *See Rivet,* at ——, 118 S.Ct. at 926 ("Such a [*res judicata*]

defense is properly made in the state proceedings.").

### 3. The Anti–Injunction Act

Neither can Ryobi circumvent Supreme Court precedent under the Anti–Injunction Act ("AIA"). The AIA generally prevents federal courts from enjoining state court proceedings. *See* 28 U.S.C. § 2283. However, in a "relitigation exception" to this general rule, the Act does grant federal courts the power to enjoin state court proceedings to protect and effectuate their judgments. *Id.* The *Rivet* court acknowledged that its decision did not alter this "relitigation exception." *Rivet*, at —— n. 3, 118 S.Ct. at 926 n. 3. In its objections to the Report and Recommendation, Ryobi argues that the court must invoke the relitigation exception to uphold its Title VII Order. (Objs. to Rep. & Rec. at 2–3.) Ryobi is wrong. As demonstrated below, the court should resort to the extraordinary measure of enjoining state-court proceedings only in the most limited of circumstances. Those circumstances do not exist in this case.

▉ The instant case does not warrant enjoining the South Carolina Court of Common Pleas. Enjoining a state court proceeding "strikes at the concept of federalism that underlies this country's dual system of federal and state courts." *HHC v. New York Ins. Co.*, 994 F.Supp. 717, 724 (E.D.Va.1998).[3] Therefore, invocation of the relitigation exception of the AIA requires a strong showing of proof: "[A party] seeking to avail himself of the relitigation exception . . . must make a 'strong and unequivocal showing' of relitigation of the same issue." *LCS Services, Inc. v. Hamrick*, 925 F.2d 745, 749 (4th Cir. 1991) (citation omitted). Furthermore, "to limit [the] intrusion into the proceedings of [South Carolina] state courts, this [c]ourt must construe its injunction power strictly by narrowly interpreting the [AIA]." *HHC*, 994 F.Supp. at 724. A strict view of the AIA

prevents any tampering with the South Carolina courts.

▉ The court's Title VII Order does not address the issues presented in Hamby's new complaint. In deciding whether to apply the relitigation exception, the court must look at "what the earlier federal order said; it [may not] render a *post hoc* judgment as to what the order was intended to say." *Hamrick*, 925 F.2d at 749. A review of the Title VII Order reveals that the court dealt only with the limited issues presented in Hamby's original complaint. Hamby presented two claims under the sexual discrimination provisions of Title VII: one for hostile work environment sexual harassment and one for unlawful retaliation because of her sex. *See Hamby v. Ryobi Motor Products, Inc.*, No. 97–400–20AK (D.S.C. Jan. 8, 1998) (order granting summary judgment, at 5–8.) The Title VII Order is "silent on the precise issues" presented in the new complaint for purposes of the AIA. *See Hamrick*, 925 F.2d at 749. Therefore, the court cannot employ the relitigation exception to escape the general rule of the AIA. To do so would violate the most basic principles of federalism, which the AIA was designed to protect.

### B. Motion to Dismiss

Based on the above discussion, Ryobi's motion to dismiss is moot. The proper forum to present the arguments contained in the dismissal motion is the South Carolina Court of Common Pleas. *See Rivet*, at ——, 118 S.Ct. at 926. Accordingly, it is

**ORDERED** that Hamby's motion to remand is granted. It is further

**ORDERED** that Ryobi's motion to dismiss is denied as moot. It is further

---

**3.** The Fourth Circuit detailed the history and purpose of the AIA as follows:

'[F]or over two hundred years, the [AIA] has helped define our nation's system of federalism. As the Supreme Court observed . . . the Act serves as a necessary concomitant of the Framers' decision to authorize, and Congress' decision to implement, a dual system of federal and state courts. The consistent understanding has been that . . . the [AIA]'s basic purpose

is to prevent needless friction between the state and federal courts. Any discussion of federalism will, by its very nature, involve balancing of federal and state interests, and the [AIA] plays a critical role in ensuring that the proper balance is maintained.'

*HHC*, 994 F.Supp. at 724 (quoting *Employers Resource Management Co. v. Shannon*, 65 F.3d 1126, 1130 (4th Cir.1995)).

ORDERED that the case be remanded to the South Carolina Court of Common Pleas for Pickens County.

**IT IS SO ORDERED.**