**Gerald J. MANGIN, Plaintiff,**

v.

**WESTCO SECURITY SYSTEMS, INC., a Florida corporation, Defendant.**

**No. 95–1676–Civ–T–23C.**

United States District Court, M.D. Florida, Tampa Division.

Feb. 2, 1996.

Alex Lancaster, Lancaster & Eure, Sarasota, FL, for plaintiff.

Daniel H. Kunkel, Michele M. Perri, Kunkel, Miller & Hament, Sarasota, FL, for defendant.

### ORDER

JENKINS, United States Magistrate Judge.

Before the court is Defendant's Motion to Dismiss, With Prejudice, Count IV, V and VI

of the Complaint (Dkt.4), and plaintiff's response (Dkt.9).[1]

## I

In 1993 defendant hired plaintiff to install security systems. Plaintiff claims that he informed defendant that he was a disabled veteran with a back injury which would require reasonable accommodation to perform some job functions and that defendant indicated that this would not be a problem. Plaintiff claims defendant assured him that two persons would be assigned to install the systems, eliminating the necessity for any further accommodations.

According to plaintiff, he was forced to install two systems by himself although another person was needed. Plaintiff also claims that his work was transferred to other employees without disabilities, although he was capable of performing the jobs with or without reasonable accommodations.

On July 25, 1994, plaintiff slipped and fell while performing his duties and sustained injuries to his right shoulder, right elbow and low back. Plaintiff filed a workers' compensation claim for benefits. After meeting with his employer to discuss his perception that he was being discriminated against because of his disability, plaintiff was given a positive evaluation and a raise on August 1, 1994. On August 31, 1994, defendant terminated the plaintiff's employment.

Plaintiff filed this cause of action alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, (Counts I–III), the Florida Civil Rights Act of 1992 (FCRA), Fla.Stat. §§ 760.01–11 [2] (Count IV), the Florida Workers' Compensation Act, Fla.Stat. § 440.205 (Count V), and intentional infliction of emotional distress (Count VI). The defendant removed the action from state court on the basis of federal question jurisdiction. (Dkt.1).

Defendant argues that Counts IV and VI alleging state law discrimination and a tort claim are preempted by the exclusivity of the Workers' Compensation Act retaliation claim and thus, must be dismissed. It also argues that the state law discrimination claim is preempted by the ADA claim because the FCRA offers less protection than the ADA. In the alternative, defendant contends that the workers' compensation claim is in conflict with the ADA, is thus preempted by it, and should be dismissed.

Plaintiff responds that the actions do not arise from a work related injury but from defendant's wrongful and illegal conduct in discharging plaintiff because of his disability. Plaintiff's disability is incidental to the claims, not a basis for them. Plaintiff alleges that he was discriminated against because of defendant's failure to reasonably accommodate his disability and subsequent wrongful discharge because of his disability. Plaintiff argues that the workers' compensation issues arise on the date of the injury, while the discrimination issues arose before the injury and on the date of termination. Plaintiff notes that he is not seeking damages for the injury, expenses for medical care, or wage loss benefits. Instead, he is seeking damages for his wrongful termination and retaliatory discharge.

Plaintiff also argues that the ADA does not preempt the FCRA because although they contain different limits on punitive damages, there is no conflict in their substantive provisions.

## II

On a motion to dismiss the complaint all facts alleged in the complaint and all reasonable inferences drawn from those facts must be taken as true. *Marshall v. Western Grain Co., Inc.,* 838 F.2d 1165, 1172 (11th Cir.), *cert. denied,* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988). Moreover, the court should not dismiss the complaint "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

---

1. The parties have consented to proceed before the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c) and Fed.R.Civ.P. 73.

2. In 1992, the Human Rights Act was renamed the Florida Civil Rights Act.

■ The exclusivity rule relied on by defendant is derived from Florida Statute section 440.11(1) which provides that workers' compensation is the exclusive remedy and "in place of all other liability of such employer . . . on account of such injury or death." Although Florida courts have not addressed whether the exclusivity doctrine precludes a state disability claim, the Florida Supreme Court has considered the issue in the context of sex discrimination. *See Byrd v. Richardson–Greenshields Securities,* 552 So.2d 1099 (1989).[3]

In *Byrd* the Florida Supreme Court held that the workers' compensation statute does not provide the exclusive remedy for an employee's claim based upon sexual harassment. The Court found that the acts constituting sexual harassment did not fall under the worker's compensation act, and to find otherwise would effectively abrogate the policies underlying sexual harassment causes of action. *Id.* at 1102. The Court recognized that employers must be held accountable for sexually harassing environments they permit to exist. It also distinguished the injuries and concerns of the two laws. It stated, "[w]hile workplace injuries rob a person of resources, sexual harassment robs the person of dignity and esteem. Workers' compensation addresses purely economic injury; sexual harassment laws are concerned with a much more intangible injury to personal rights." *Id.* at 1104. Thus, it found that to the extent the injuries are separable, they should be enforced separately. *See also Adams Fruit Co. v. Barrett,* 494 U.S. 638, 110 S.Ct. 1384, 108 L.Ed.2d 585 (1990).

■ The Florida Civil Rights Act prohibits both sex discrimination and handicap discrimination. *See* Fla.Stat. § 760.11. The underlying policies and objectives of these anti-discrimination claims are essentially the same: to prevent discrimination in the workplace. Thus, based on the *Byrd* decision, absent any other persuasive authority, this court rejects defendant's argument that Count IV, alleging a state discrimination claim based on a disability, is barred by the exclusive remedy provision of the Florida Workers' Compensation Act at this stage of the proceeding.

■ Defendant also argues that the tort claim for intentional infliction of emotional distress as alleged in Count VI is barred by the workers' compensation exclusivity rule. This court disagrees.

■ The *Byrd* court found that the claim for intentional infliction of emotional distress arising from the sexual harassment or battery is not barred by the exclusivity rule because it addresses an injury to intangible personal rights. Generally, the workers' compensation exclusivity rule does not apply to intentional torts. *Byrd,* 552 So.2d at 1104; *Associated Ind. of Fl. Property and Casualty Trust v. Smith,* 633 So.2d 543, 545 (Fla. 5th DCA 1994); *Folk v. Rite Aid of Fla., Inc.,* 611 So.2d 35, 36 (Fla. 4th DCA 1992). Therefore, defendant's motion to dismiss Count VI is denied.[4]

■ Defendant next argues that the FCRA is preempted by federal law, specifically, the ADA. Under the Supremacy Clause of the Constitution (Article VI), state law is preempted where it actually conflicts with federal law or "stands as an obstacle" to Congress' full objectives. *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 248, 104 S.Ct. 615, 621, 78 L.Ed.2d 443 (1984).

---

3. Other courts have held that the exclusive remedy provision of the workers' compensation act bars state handicap or disability discrimination claims. *See Karst v. F.C. Hayer Co., Inc.,* 447 N.W.2d 180 (Minn.1989); *Angell v. Peterson Tractor, Inc.,* 21 Cal.App.4th 981, 26 Cal.Rptr.2d 541 (3d DCA 1994); *Denney v. Universal City Studios, Inc.,* 10 Cal.App.4th 1226, 13 Cal. Rptr.2d 170 (2d DCA 1992).

4. This court acknowledges the *McGuire v. Bradco Supply Corp.,* Case No. 94–1871–Civ–T–17B, opinion cited by both parties and attached to plaintiff's response as Exhibit A. However, to the extent that the decision suggests that plaintiff is not entitled to pursue a common law state tort claim because a retaliatory discharge claim permits the recovery of damages for emotional distress, this court respectfully declines to follow the holding. Not only may plaintiffs plead in the alternative, if the retaliatory discharge claim is subsequently dismissed plaintiff may be left without a claim for emotional damages. Moreover, the case law as stated above holds that intentional torts do not fall within the ambit of the exclusivity rule.

The ADA statute and legislative history establish Congress' intent to allow "simultaneous recovery" under compatible state and federal statutes. Plaintiff's remedies under the state discrimination law are not preempted by the ADA. *See Wood v. Alameda*, 875 F.Supp. 659, 663–64 (N.D.Cal. 1995). *See also Adams Fruit*, 494 U.S. at 647, 110 S.Ct. at 1389 (Florida did not intend to preclude federal remedies because of the workers' compensation exclusivity provision and thus, the Court refused to construe Florida law as creating a conflict between the Florida statute and the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1801 *et seq.*) Moreover, the only obstacle to achieving Congress' purposes and objective is the exclusive remedy provision of the Florida Workers' Compensation Act. Thus, only this provision is preempted by the ADA.

Defendant's reliance on *O'Loughlin v. Pinchback*, 579 So.2d 788 (Fla. 1st DCA 1991) is misplaced. In *O'Loughlin*, the court found that Title VII and the Pregnancy Discrimination Act of 1978 (PDA) preempted Florida's Human Rights Act because by not recognizing sex-based discrimination against pregnant employees, the Florida Act offered less protection than the corresponding federal law.

Defendant claims that while the ADA requires employers to provide reasonable accommodations to applicants and employees, the Florida Act does not. However, although the FCRA does not contain an explicit provision regarding an employer's duty to provide reasonable accommodations, such a duty has been implied by the courts. *See Brand v. Florida Power Corp.*, 633 So.2d 504, 511 n. 12 (Fla. 1st DCA 1994). Thus, defendant's argument that the FCRA provides less protection than the ADA fails. The ADA does not preempt plaintiff's state discrimination claim, with the exception of the exclusive remedy provision. As a result, defendant's motion to dismiss Count IV on this ground is denied.

Alternatively, defendant contends that the retaliatory discharge claim under the Workers' Compensation Act as alleged in Count V should be dismissed. According to

defendant, by allowing a plaintiff to pursue an ADA and workers' compensation claim simultaneously, the exclusivity provision of the worker's compensation statute is rendered a nullity when the claims are based on the same facts. Defendant concludes that the workers' compensation statute is thus preempted by plaintiff's ADA claim. This is because the state statute conflicts with the federal statute and "stands as an obstacle" to Congress' objectives in enacting the ADA.

There is no conflict between the statutes which assert different causes of action and are based on different facts. Moreover, the Florida workers' compensation statute does not prevent the underlying purposes of the ADA from being achieved. Defendant's argument is rejected by this court. Should the contours of plaintiff's claims and damages change during discovery, it may be necessary to revisit this issue upon proper motion. Defendant's motion to dismiss is denied in its entirety.

Upon consideration, it is **ORDERED:**

(1) Defendant's Motion to Dismiss, With Prejudice, Count IV, V and VI of the Complaint (Dkt.4) is DENIED.

**DONE and ORDERED** in Tampa, Florida this 2nd day of February, 1996.