Frank L. DANFELT

v.

**BOARD OF COUNTY COMMISSIONERS
OF WASHINGTON COUNTY,
MARYLAND**

Civil No. Y–98–215.

United States District Court,
D. Maryland.

March 19, 1998.

Gregory C. Bannon, Hagerstown, MD, for Plaintiff.

Frank L. Kollman, Randi Klein Hyatt, Baltimore, MD, for Defendant.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior Judge.

### I.

This suit is the result of Defendant's termination of Plaintiff Frank L. Danfelt as a Washington County, Maryland bus driver. Plaintiff filed a three-count complaint in the Circuit Court for Washington County, Maryland, alleging breach of contract (Count I), wrongful discharge based on a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (Count II), and wrongful discharge based on a violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (Count III). Defendant filed a notice of removal, and Plaintiff filed an opposition thereto, which the Court will treat as a motion to remand. *Williams v. Williams,* 427 F.Supp. 557, 558 & n. 1 (D.Md. 1976). Additionally, Defendant filed a motion to dismiss or for summary judgment. For the reasons explained more fully herein, the Court will grant Plaintiff's motion and

remand the case to state court. Because the Court's inquiry into subject-matter jurisdiction necessarily precedes any inquiry into the merits of the suit, *see Oregon v. Hitchcock,* 202 U.S. 60, 68, 26 S.Ct. 568, 50 L.Ed. 935 (1906), the Court need not consider the arguments raised in Defendant's motion.

### II.

#### A.

Initially, the Court notes that its removal jurisdiction is "scrupulously confined", *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and "[i]f federal [removal] jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chem. Co.,* 29 F.3d 148, 151 (4th Cir.1994). The party seeking removal jurisdiction bears the burden of stating facts in its notice of removal demonstrating an entitlement to removal jurisdiction. *Egle Nursing Home, Inc. v. Erie Ins. Group,* 981 F.Supp. 932, 933 (D.Md.1997).

Defendant's notice of removal is based solely on the presence of federal question jurisdiction under 28 U.S.C. § 1331. Defendant argues that federal question jurisdiction exists because Counts I and II are premised upon a violation of two federal statutes—the ADA and the FMLA. Accordingly, Defendant contends these two counts "arise under" the laws of the United States. Defendant also asserts the Court has supplemental jurisdiction over the breach of contract claim, and that a separate and independent claim removable under § 1441(c) exists should any of the claims not be removable under § 1331.

28 U.S.C. § 1441(a) permits a defendant to remove a case to federal court which would fall within the Court's federal question jurisdiction under 28 U.S.C. § 1331 if originally filed in federal court. *Davis v. North Carolina Dep't of Correction,* 48 F.3d 134, 138 (4th Cir.1995). The Court must look to the plaintiff's properly-pleaded complaint to determine the presence or absence of a federal question for jurisdictional purposes under § 1331 and, concomitantly, for removal under § 1441(a). *Rivet v. Regions Bank of La.,* —— U.S. ——, 118 S.Ct. 921, 922, 139 L.Ed.2d 912 (1998). To bring a case within

the original federal question jurisdiction of this Court, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Id.* (quoting *Gully v. First Nat. Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936)). However, a plaintiff may not defeat removal jurisdiction by artfully pleading his case to omit essential federal questions. *Id.* (citing and quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Applying these general rules, it is well-established that, in the ordinary case, federal question jurisdiction lies under § 1331 where federal law either creates the cause of action or "where the vindication of a right necessarily turn[s] on some construction of federal law." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 808–09, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (quoting *Franchise Tax Bd.,* 463 U.S. at 9).

This case, however, presents a variant of the question first considered in *Merrell Dow*—"the presence of a federal issue in a state-created cause of action." *Id.* 478 U.S. at 810. It is undisputed that Maryland tort law creates Plaintiff's claims in Counts II and III under the well-pleaded complaint rule. However, federal law is an indispensable element of these claims. To prevail in a wrongful discharge suit under Maryland law, the plaintiff must plead and prove that the alleged conduct violated a specific statute or rule of law. *Kern v. South Baltimore Gen. Hosp.,* 66 Md.App. 441, 444–45, 504 A.2d 1154 (1986) (citing *Adler v. American Standard Corp.,* 291 Md. 31, 43, 47, 432 A.2d 464 (1981)). In this case, Plaintiff alleges wrongful discharge based on the ADA and the FMLA, and must, therefore, prove a substantive violation of these statutes to prevail on Counts II and III. Thus, federal law provides, in a literal sense, the "essential element" of Plaintiff's wrongful discharge claims.

## B.

■ This bare conclusion does not necessarily suffice to sustain federal question jur-

isdiction, for "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow,* 478 U.S. at 813. In *Merrell Dow,* which also considered a state law claim containing federal law as an essential element, the Court held that the statute's failure to provide a private cause of action in favor of the plaintiff precluded federal question jurisdiction because the absence of such a private remedy rendered the federal law at issue an insubstantial element of the plaintiff's claim. *Id.* at 814–15. The Court reasoned that a contrary holding would flout Congress' decision not to grant a private cause of action for violations of the statute, and emphasized that in every case, common-sense analysis and judgment must determine the presence or lack of federal question jurisdiction. *Id.* at 813.

■ This case presents an issue not presented in *Merrell Dow*—whether federal jurisdiction over a state-created claim with an embedded federal component will lie when the federal statute at issue *does* create a private cause of action. Unlike the statute in *Merrell Dow,* both the ADA and the FMLA expressly create private causes of action available to Plaintiff in this case. *See* 42 U.S.C. § 12117(a) (adopting Title VII civil remedies in ADA cases); 29 U.S.C. § 2617(a)(2) (providing private cause of action in FMLA cases). In such a case, the "ultimate question" is whether Congress intended to permit the case to proceed in federal court. *Mulcahey,* 29 F.3d at 152.

Although the Supreme Court has not directly addressed this question, the Fourth Circuit's *Mulcahey* decision and relevant Supreme Court precedent together mandate a finding that federal jurisdiction is lacking in this case. In *Mulcahey,* the plaintiffs filed suit in South Carolina state court seeking injunctive relief and damages caused by the discharge of hazardous substances into the environment on a state law theory of negligence *per se. Id.* at 150–51. The asserted basis of federal question jurisdiction upon removal was that the violation of certain federal environmental statutes constituted an essential element of the state law negligence claim—the violation of a statute demonstrat-

ing duty and its breach. *Id.* at 150. Unlike the statute at issue in *Merrell Dow,* the relevant environmental statutes in *Mulcahey* authorized private causes of action in favor of the plaintiffs. *Id.* The Fourth Circuit, focusing on the question of whether Congress intended that these statutes provide federal question jurisdiction when their presence was a necessary element of a state law cause of action, found no federal question jurisdiction. *Id.* at 152, 154. The court noted that the statutes forbade the compensatory damages sought by the plaintiffs in the South Carolina action, that the plaintiffs were either procedurally or substantively barred from proceeding under any of the statutes, and that other theories of relief not dependent on federal law also supported the claim. *Id.* at 152–53.

This case contains impediments to original federal question and removal jurisdiction similar to those in *Mulcahey.* Plaintiff's well-pleaded complaint indicates that Plaintiff is procedurally barred from pursuing an action under the ADA because he has not satisfied the exhaustion requirement contained in that statute by reference to Title VII. 42 U.S.C. § 12117(a) (referring to 42 U.S.C. § 2000e–5). Section 2000e–5 requires Title VII and ADA plaintiffs to bring the case to the Federal Equal Employment Opportunity Commission before suit may be brought in this Court. *E.g., Davis,* 48 F.3d at 137. Plaintiff's complaint does not indicate that he has satisfied this burden. Accordingly, Plaintiff, had he proceeded directly under the ADA, would be procedurally barred from bringing this claim for failure to exhaust administrative remedies. *Id.* Indeed, his failure to exhaust would deprive this Court of subject-matter jurisdiction. *Id.* at 139–40.

Plaintiff cannot proceed directly under this statute, and a private cause of action does not exist within the meaning of *Merrell Dow,* because his failure to exhaust administrative remedies, which would both procedurally bar an independent Title VII suit and deprive this Court of jurisdiction over such a suit, renders the federal element of Plaintiff's claim insubstantial. *Mulcahey,* 29 F.3d at 152–53. As in *Merrell Dow,* a contrary holding would permit litigants to make an "end run" around the ADA's strict exhaustion requirement. Accordingly, the pragmatic, judicious inquiry mandated by *Merrell Dow* leads the Court to hold that the ADA claim fails to present a federal question sufficient to support either original federal question jurisdiction or removal jurisdiction under § 1441(a).

This reasoning does not apply to Plaintiff's FMLA-premised Maryland wrongful discharge claim because the FMLA contains no such exhaustion requirements, and the record contains no evidence of a similar procedural bar. Nevertheless, the Court finds federal question jurisdiction lacking under *Christianson v. Colt Indus., Operating Corp.,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). In *Christianson,* the Court considered whether a claim "arose under" the patent laws of the United States, thereby conferring federal subject-matter jurisdiction under 28 U.S.C. § 1338. The petitioner's antitrust count contained a claim of monopolization under the Sherman Act. *Id.* 486 U.S. at 807. Patent law was only relevant to one of several theories under which petitioner could prove the monopolization claim. *Id.* at 811–14. The Court found § 1338 should be interpreted in the same manner as § 1331. *Id.* at 807. Under these circumstances, the Court found that the case did not "arise under" patent laws of the United States because the claim was supported by multiple alternative theories, only one of which was grounded in patent law. *Id.* at 811–14.

The Fourth Circuit interprets *Christianson* in the context of § 1331 to mean that if a claim is supported by alternative theories of recovery, only one of which sustains federal jurisdiction, then federal jurisdiction does not exist. *Mulcahey,* 29 F.3d at 153. In *Mulcahey,* the Fourth Circuit held that the plaintiffs' claims were alternatively barred under *Christianson* because the complaint alleged an alternative state law claim of ordinary negligence supporting the same recovery, but which did not support federal jurisdiction. *Id.* at 153–54. *Christianson,* as applied by the *Mulcahey* court, thus stands for the proposition that where a com-

plaint alleges multiple *state law-based* theories of relief for the same essential claim, *each* of the theories supporting the claim must independently present a sufficiently substantial federal question to support the jurisdiction under § 1331 needed for removal under § 1441(a).[1]

Here, two theories of recovery exist to support Plaintiff's wrongful discharge claim—Maryland wrongful discharge based on an ADA violation, which does not support federal jurisdiction, and Maryland wrongful discharge based on a FMLA violation, which arguably does support federal jurisdiction. However, under *Christianson* and *Mulcahey*, the FMLA-based Count III cannot, standing alone, serve as a basis for federal jurisdiction because the alternative ADA-based claim, which would permit the same relief as the FMLA-based claim, does not establish federal question jurisdiction for the reasons described above. Accordingly, original federal question and removal jurisdiction are lacking under *Christianson* as to the FMLA-based claim because the complaint contains an alternative theory of recovery for the same claim—wrongful discharge—which does not support federal jurisdiction.

### C.

■ Defendant invokes 28 U.S.C. § 1441(c) in support of its position that the case is removable. This section permits the Court, in its discretion, to exercise removal jurisdiction over an entire case when a removed claim presents a federal question claim "separate and independent" from other, non-removable, claims. If, however, the

federal claim is not separate and independent from the state law claims, the Court lacks removal jurisdiction under § 1441(c). *E.g., Lancaster,* 45 F.3d at 786.

Section 1441(c) is not applicable to the instant case because the suit presents claims stemming from a single alleged wrong to Plaintiff resulting from the same transaction—his termination as a Washington County bus driver. *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Indeed, Defendant concedes this point in its notice of removal. Further, as discussed above, the only claim which might arguably fall within the Court's federal question jurisdiction under § 1331—the FMLA-based wrongful discharged claim—is, in reality, not within the Court's jurisdiction under the principles announced in *Christianson* and explained in *Mulcahey.* Accordingly, it cannot serve as a separate and independent claim under § 1441(c) because the Court lacks federal question jurisdiction over the claim.

### III.

Notwithstanding the above analysis, this Court has federal question and removal jurisdiction if either the ADA or the FMLA "so completely pre-empt [state wrongful discharge laws] that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Bd.,* 463 U.S. at 23–24. The seminal pre-emption case in this area is *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct.

---

**1.** It is important to emphasize that *Christianson* cannot stand for the proposition that where the complaint alleges some federal claims for relief (for example, a cause of action brought squarely under the provisions of Title VII, or any other claim *expressly created by federal law*), and some state law claims, all the claims must independently present a sufficiently substantial federal question to support federal jurisdiction. Such a holding would completely eviscerate the provisions of 28 U.S.C. § 1367, granting this Court supplemental jurisdiction over claims premised on a "common nucleus of operative fact", *see United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), by requiring that all the claims be independently within the federal question jurisdiction of this Court. The

plain language of § 1367 does not contemplate this result. Applying *Christianson*'s holding in the above manner ensures that *Christianson* is interpreted similarly in § 1331 and § 1338 cases, for the literal holding of *Christianson* is that where, in a § 1338 case, multiple (federal or state) theories supporting the same claim for relief are present, but only one of those theories involves patent law as a substantial element of the claim, jurisdiction under § 1338 will not lie. In this case, the Court holds that where, under § 1331, multiple state-law theories of recovery exist supporting the same claim for relief (here, wrongful discharge), all the state-law claims must allege a sufficiently substantial federal question under § 1331 to support removal under § 1441(a).

1235, 20 L.Ed.2d 126 (1968), where the Court found that § 301 of the Labor Management Relations Act so completely pre-empted state laws concerning collective bargaining agreements that any state litigation for private enforcement of the agreement was necessarily federal. *See also Franchise Tax Bd.,* 463 U.S. at 23. Determining whether a federal law completely pre-empts state law in this manner turns on whether Congress evinces an intent to occupy completely a given field. *Silkwood v. Kerr–McGee Corp.,* 464 U.S. 238, 248, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984).

■ In this case, neither the ADA nor the FMLA completely pre-empts Maryland wrongful discharge law. The ADA's savings clause does not evince Congress' intention to pre-empt completely the field of state tort law, but rather an intent to pre-empt solely those laws in actual conflict with the ADA. *See* 42 U.S.C. § 12201(b) ("Nothing in this chapter shall be construed to invalidate or limit the remedies, rights and procedures of any … [state law] that provides greater or equal protection for the rights of individuals with disabilities than are afforded by [the ADA]"). Further, no evidence exists that Maryland law meaningfully conflicts with the ADA. *See Harding v. Winn–Dixie Stores, Inc.,* 907 F.Supp. 386, 392 (M.D.Fla.1995) (finding no ADA pre-emption of state workers' compensation law); *Mangin v. Westco Security Sys., Inc.,* 922 F.Supp. 563, 567 (M.D.Fla.1996) (same). Under these circumstances, the ADA does not engage in the type of complete pre-emption required under *Avco* and *Franchise Tax Bd.* to confer federal question jurisdiction upon this Court. A similar analysis applies to the FMLA claim because that Act's savings clause also fails to evince an intent to pre-empt completely, and no evidence exists in this case demonstrating a conflict between that Act and Maryland law of wrongful discharge. *See* 29 U.S.C. § 2651(b).

Based on the foregoing analysis, the Court holds that neither the ADA nor the FMLA completely pre-empts Maryland law in this case. Accordingly, *Avco* pre-emption cannot serve as a basis for federal jurisdiction.

IV.

The Court holds under *Merrell Dow* that Plaintiff's ADA-based Maryland wrongful discharge claim fails to present a sufficiently substantial federal question to support either original federal question or removal jurisdiction. Under *Christianson* and *Mulcahey,* the Court finds that the FMLA-based wrongful discharge claim fails to support federal question or removal jurisdiction. The Court further holds that § 1441(c) is inapplicable to this case, and that neither the ADA nor the FMLA completely pre-empts state tort law under *Avco* and *Franchise Tax Bd.* so as to confer federal jurisdiction upon this Court.

Based upon the foregoing analysis, Plaintiff's motion to remand will be granted, Defendant's motion to dismiss or for summary judgment will be denied as moot, and the case will be remanded to the Circuit Court for Washington County, Maryland for want of removal jurisdiction.

### ORDER

In accordance with the attached Memorandum, it is this 19th day of March 1998, by the United States District Court for the District of Maryland, ORDERED:

1. That Plaintiff's Motion to Remand (Paper No. 7) BE, and hereby IS, GRANTED; and

2. That Defendant's Motion to Dismiss or for Summary Judgment (Paper No. 6) BE, and hereby IS, DENIED AS MOOT; and

3. That the case BE, and hereby IS, REMANDED to the Circuit Court for Washington County, Maryland; and

4. That the Clerk of the Court forward the file to the Clerk of the Circuit Court for Washington County, Maryland; and

5. That the Clerk of the Court close this case; and

6. That a copy of this Memorandum and Order be mailed to counsel for the parties.